
FILED
DEC 15 2017
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BRANT LAKE SANITARY DISTRICT, A Political Subdivision of the State of South Dakota, <br><br> Plaintiff, <br><br> vs. <br><br> GRANITE RE, INC., <br><br> Defendant. | Case No: 4:17-cv-4170 <br><br> **COMPLAINT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Brant Lake Sanitary District for its complaint states and alleges as follows:

1. Plaintiff Brant Lake Sanitary District [hereinafter BLSD] is a political subdivision and citizen of the State of South Dakota located and carrying out its governmental functions in Lake County, South Dakota.

2. Upon information and belief, Defendant Granite Re, Inc., is incorporated in the State of Oklahoma, where it also maintains its principal place of business.

3. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is properly laid in the District of South Dakota pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is subject to personal jurisdiction in this forum based on the fact that Defendant has purposefully availed itself of the privilege of conducting activities within the State of South Dakota in connection with the construction project from which this action arose; the events

and omissions giving rise to Plaintiff's claim occurred within this District; and the property that is subject to this action is situated within this District.

6. BLSD and Excel Underground, Inc. [hereinafter Excel] entered into a contract on May 30, 2012, entitled "Phase 2 Wastewater Collection System Brant Lake Sanitary District 2012," for the construction of a wastewater collection system in Lake County, South Dakota, by Excel for the benefit of BLSD. This contact provided, among other things, that the work would be substantially completed by Excel by December 30, 2012, and finally completed by Excel by May 30, 2013. The total amount of the contract consideration was Two Million Seven Hundred One Thousand Five Hundred Thirty-one and 68/100 Dollars ($2,701,531.68), which amount was the low bid on the project as submitted by Excel.

7. Pursuant to said contract for the construction of the wastewater collection system, Excel, as principal, and Granite Re, Inc., as surety, provided on or about June 14, 2012, a Performance and Payment Bond to BLSD as Owner and obligee in the amount of $2,701,531.68, wherein and whereby Excel and Granite Re, Inc. agreed to pay all persons, firms or corporations having contracts directly with the principal, or the subcontractors, all just claims due them for labor and materials furnished, and that Granite Re, Inc. as surety, was deemed and held to consent without notice (1) to any extensions of time to the principal on which to perform the contract; (2) to any change in the plans, specifications or contract when such change did not involve an increase greater than twenty percent (20%) of the contract price, and would then be released only as to such excess increase; (3) that no provision of the bond would be valid which limited to less than one (1) year from the time of the acceptance of the work and the right to sue on the bond for defects in workmanship or materials, not discovered or known to the Owner of the project at the time such work was accepted; and (4) that the bond would remain in full force and effect until the contract

2

was completed whether completed within the specified contract period, within an extension thereof, or within a period of time after the contract period had lapsed. Said Performance and Payment Bond is attached to this complaint as Exhibit 1 and incorporated herein by reference.

8. After repeated and pervasive acts by Excel that put it in breach of its contract with BLSD, including but not limited to Excel's refusal to honor its contractual obligation to troubleshoot the grinder pumps installed as a part of the wastewater collection system, Excel failed to obtain substantial completion of the project by December 30, 2012, and failed to obtain final completion of the project by May 30, 2013, constituting a breach of Excel's contract with BLSD.

9. BLSD, through its attorneys, notified Excel by letter on January 20, 2014, pursuant to the contract, that BLSD was giving ten (10) days' notice with reference to the relevant provisions of the contract that BLSD terminated the services of Excel and would take possession of the project and all materials, equipment, tools, construction equipment and machinery thereon owned by Excel and finish the work by whatever method BLSD deemed expedient, upon the grounds that Excel failed to supply sufficient skilled workers and equipment, failed to make prompt payments to subcontractors for labor, materials or equipment, disregarded the authority of the engineer, and violated the provisions of the contract documents.

10. BLSD gave proper and timely notice to Granite Re, Inc. of Excel's breaches and of Excel's numerous prior failures to comply with the contract.

11. By Excel's breaches of contract, BLSD incurred the expenses and sustained damages, aggregating One Million Eight Hundred Seventy-Four Thousand Six Hundred Thirty and 34/100 Dollars ($1,874,630.34), and Excel failed to pay these expenses and damages.

12. A special relationship existed between Granite Re, Inc. as surety and BLSD as obligee under the Performance and Payment Bond that is nearly identical to the special relationship

between an insurer and insured, and the South Dakota Legislature has recognized the special nature of this legal relationship through its inclusion of surety and surety insurance in SDCL Title 58, the South Dakota Insurance Code. By its request that Excel, as principal, obtain a commercial surety bond to guarantee Excel's performance, BLSD essentially insured itself from the potentially catastrophic losses that were sure to result if Excel defaulted on its obligations to BLSD. Upon Excel's defaults, Defendant Granite Re, Inc. had the duty to remedy or perform Excel's duties pursuant to the terms of Excel's contract with BLSD, thereby eliminating BLSD's risk of loss in the venture.

13. A contract of surety, functionally equivalent to a contract of insurance, exists between BLSD, and Granite Re, Inc., and Granite Re, Inc. owes a duty of good faith and fair dealing to BLSD under that contract of surety.

14. BLSD has suffered a loss compensable under the terms of said contract of surety, and has made a proper and timely claim for that loss to Granite Re, Inc.

15. Granite Re, Inc. denied the claim by BLSD and refused to assume its duty to remedy or perform Excel's duties under the terms of Excel's contract with BLSD.

16. Subsequent to the initial denial of BLSD's claim by Granite Re, BLSD, through the use of various formal and informal methods, continued to press its claim under the Performance and Payment Bond. In violation of the duty of Granite Re, Inc. to give at least equal consideration to both its own interests and those of BLSD, Granite Re, Inc. instead aligned itself with Excel against BLSD.

17. Granite Re, Inc. had no reasonable basis to deny BLSD's claim or to take the other actions that Granite Re, Inc. has taken against BLSD.

18. The actions of Granite Re, Inc. against BLSD, including the denial of BLSD's claim, were taken with the knowledge that Granite Re, Inc. had no reasonable basis to take those actions or to deny the claim. Alternately Granite Re, Inc. acted in reckless disregard of the lack of a reasonable basis to take those actions against BLSD or to deny BLSD's claim.

19. Granite Re, Inc. owed BLSD a continuing duty to conduct a fair and reasonable investigation concerning BLSD's claim, and Granite Re, Inc. also owed BLSD a continuing duty to reassess BLSD's claim based on information received subsequent to Granite Re, Inc.'s initial decision to deny BLSD's claim. Granite Re, Inc. breached these duties.

20. Granite Re, Inc. owed BLSD a duty to not manipulate its investigation by minimizing or ignoring evidence supporting BLSD's claim. Granite Re, Inc. breached this duty, and gathered only evidence that would support Excel's position and defeat BLSD's claims.

21. Granite Re, Inc. also breached its duty of good faith and fair dealing to BLSD by, among other conduct:

    a.    Failing to act reasonably in response to the claims by BLSD and failing to act promptly to remedy Excel's defaults and to perform Excel's duties under the contract between Excel and BLSD even though Excel's default was clear.

    b.    Unreasonably withholding payment of BLSD's claim without any good faith basis for doing so.

    c.    Attempting to avoid its responsibility to provide benefits according to the Performance and Payment Bond.

    d.    Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of BLSD's claim.

22. Granite Re, Inc.'s actions caused BLSD financial loss.

22. Granite Re, Inc.'s actions were taken with malice, oppression, and deliberate and reckless disregard for BLSD's rights.

23. BLSD is entitled to an award of punitive damages as the only way to deter Granite Re, Inc. from continuing to employ these same methods against other obligees on bonds issued by Granite Re, Inc.

WHEREFORE, BLSD prays for an award against Granite Re, Inc. for compensatory damages, punitive damages, prejudgment interests, costs and disbursements, and such other and further relief as this Court deems just.

JURY TRIAL DEMANDED

Dated this 15th day of December, 2017.

**COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

By: _____
Heather Lammers Bogard
PO Box 290
Rapid City, SD 57709
hbogard@costelloporter.com

**LAMMERS KLEIBACKER, LLP**

By: /s/ Jerome Lammers
Jerome Lammers
PO Box 45
Madison, SD 57042
jb87d@lammerskleibacker.com